HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRIPHONIA HOWARD ,

                 Plaintiff,

        v.

THE STATE OF WASHINGTON, THE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, and CHARLES
HUNTER ,

             Defendant.

Case No. C04-05474 RBL

ORDER HOLDING THAT PLAINTIFF
HAS NO 42 U.S.C. § 1981 CLAIM AND
DENYING PLAINTIFF'S
ALTERNATIVE MOTION FOR LEAVE
TO AMEND COMPLAINT

THIS MATTER having come before the Court on Defendants' issue brief regarding Plaintiff's 42 U.S.C. § 1981claim and Plaintiff's motion in the alternative for leave to amend his complaint [Dkt. #73; 75]. The Court does not require oral argument on these matters.  The Court has reviewed the materials submitted by the parties and for the reasons set forth below, holds that Plaintiff has no 42 U.S.C. § 1981claim and denies Plaintiff's motion for leave to amend his complaint.

Plaintiff's complaint, filed on August 10, 2004, specifically raised the following claims: 42 U.S.C. §

1981 (discrimination); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (discrimination); 42 U.S.C. § 1983 (discrimination); RCW 49.60.180 (discrimination); RCW 49.60.220 (aiding and abetting); RCW 49.60.210 (retaliation); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 (retaliation); Negligent Supervision/Retention/Hire; and Breach of Contract/Promissory Estoppel [Dkt. #1].

Plaintiff raised two distinct Title VII claims alleging discrimination and retaliation separately. Plaintiff also claimed retaliation and discrimination separately under RCW 49.60. However, not until January 2, 2009, did Plaintiff attempt to change his discrimination claim under 42 U.S.C. § 1981 to retaliation. Between August 10, 2004 and January 2, 2009, Plaintiff had never argued retaliation under § 1981. In fact, Plaintiff expressly abandoned his §1981 claim at summary judgment [Dkt. #32]. Moreover, Plaintiff failed to argue retaliation under § 1981 on appeal, and the Court of Appeals did not recognize nor remand Plaintiff's § 1981 claim in any form[1]. Plaintiff's concession of any § 1981 claim at summary judgment and otherwise failure to address retaliation under § 1981 renders the claim unavailable at trial.

Plaintiff's motion to amend his complaint to include a § 1981 retaliation claim is DENIED. Over four years have passed without Plaintiff pleading retaliation under § 1981 and no compelling reasons exist allowing an amendment at this late stage. Retaliation claims under § 1981 have been recognized by the Ninth Circuit since 2003[2]; therefore, Plaintiff could have plead retaliation in his 2004 complaint but failed to do so. IT IS SO ORDERED.

Dated this 28th day of January, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1]Court of Appeals recognized and remanded only the single federal retaliation claim under Title VII and made no mention of retaliation under § 1981. *See* Memorandum from Ninth Circuit Court of Appeals. Also remanded was Plaintiff's state law aiding and abetting claim.

[2]*Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir. 2003).