THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TRIPHONIA HOWARD,<br><br>                Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and CHARLES HUNTER<br><br>                Defendant. | NO. C04-05474 RBL<br><br>PARTIES' PROPOSED SUMMARY OF CLAIMS INSTRUCTION, WITH PLAINTIFF'S EXCEPTIONS THERETO |

Pursuant to the request of the Court, the Parties submit a proposed Summary of Claims jury instruction. Plaintiff takes exception to two clauses in the instruction. Those clauses have been underlined and Plaintiff's exceptions thereto are stated below.

Dated this 30th day of January, 2009.

Respectfully submitted,

s/ Mitchell A. Riese_____
Mitchell A. Riese, WSBA No. 11947
Law Offices of Judith A. Lonnquist
1218 Third Ave. Suite 1500
Seattle, WA 98101
mariese@nwlink.com
Attorneys for Plaintiff

s/ Marie Clarke_____
Marie Clarke, WSBA No. 36146
Assistant Attorney General
Torts Division
7141 Clearwater Dr. SW
PO Box 40126
Olympia, WA 98504-0126
MarieC@atg.wa.gov
Attorney for Defendants

PARTIES' PROPOSED SUMMARY OF CLAIMS
INSTRUCTION, WITH PLAINTIFF'S
EXCEPTIONS THERETO
No. C04-05474 RBL - Page 1

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

INSTRUCTION NO. _____

**SUMMARY OF CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Triphonia Howard, sues his former employer, the Washington State Department of Social and Health Services, and Charles Hunter, the former director in the division where plaintiff worked.  <u>In 2003, several jobs in the plaintiff's division were cut to include the position held by the plaintiff.</u>  The plaintiff alleges that after he complained about a racial disparity in his salary to defendant Hunter, the defendants withdrew an offer to retain the plaintiff's salary in a lower-level position.  The plaintiff claims that the withdrawal of this offer constituted retaliation for protected activity in violation of Title VII and the Washington Law Against Discrimination, and that he suffered damages.  The plaintiff has the burden of proving these claims.

The defendants deny the plaintiff's claims.  The defendants deny that the plaintiff complained about racial disparity in his salary<u>, or that he had a reasonable basis for believing that his salary was discriminatory.</u>  The defendants allege that the plaintiff did not accept their salary retention offer in the lower-level position and chose to pursue his options under the department's formal reduction in force procedures.  The defendants deny that their conduct constituted retaliation for protected activity in violation of Title VII or the Washington Law Against Discrimination, or that they are liable for plaintiff's claimed damages.

Based on 9th Cir. 1.2.

**Plaintiff takes exception to the two underlined clauses and proposes that they be removed from the instruction as read to the jury for the following reasons:**

PARTIES' PROPOSED SUMMARY OF CLAIMS
INSTRUCTION, WITH PLAINTIFF'S
EXCEPTIONS THERETO
No. C04-05474 RBL - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1  The sentence regarding job cuts in Plaintiff's division is confusing and misleading. It highlights an event that is not in dispute. Further, it suggests that the proposed RIF took place prior to Howard's race discrimination complaint, which is inaccurate. Plaintiff in fact complained about discrimination well before Hunter decided to cut his job, a fact that is masked in the jury instruction as formulated. In the event that the Court decides to retain the above language regarding job cuts, Plaintiff requests that a sentence be added prior to the disputed sentence, stating: "The plaintiff alleges that he complained to Defendant Hunter about a racially discriminatory pay disparity in 2002."

With respect to the second underlined clause, it reflects an argument that was foreclosed by the Ninth Circuit's decision on appeal in this matter. On page 3 of the Ninth Circuit's Memorandum Decision, the Court expressly held that, "it was reasonable for Howard to believe in 2002 that a racial pay disparity existed due to his research regarding the pay of other 'WMS Band 2 Managers,' and it was reasonable that this belief continued into April, 2003, because he had not received a raise." The law of the case precludes Defendants from making the argument reflected in the second underlined clause.

PARTIES' PROPOSED SUMMARY OF CLAIMS
INSTRUCTION, WITH PLAINTIFF'S
EXCEPTIONS THERETO
No. C04-05474 RBL - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Marie C. Clarke | MarieC@atg.wa.gov |

                                  s/ Wendy L. Lilliedoll_____
                                  Wendy L. Lilliedoll, WSBA 37743
                                  Law Offices of Judith A. Lonnquist

PARTIES' PROPOSED SUMMARY OF CLAIMS INSTRUCTION, WITH PLAINTIFF'S EXCEPTIONS THERETO
No. C04-05474 RBL - Page 4

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165